[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10070

_____

D.C. Docket No. 00-03318-CV-VEH

JOSEPH R. PURSIFULL,

Plaintiff,

JUDY D. PURSIFULL, duly appointed executor
of the estates of Joseph R. Pursifull,
deceased,

Plaintiff–Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,
CHEROKEE WIRELESS SERVICES, INC.,
NETWORK CONSTRUCTION SERVICES, INC.,

Defendants–Appellees,

GUARANTEE LIFE INSURANCE COMPANY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(October 17, 2008)**

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

Judy D. Pursifull ("Pursifull"), widow and executor of the estate of Joseph R. Pursifull, appeals from an adverse summary judgment in favor of Unum Life Insurance Company of America ("Unum") and Guarantee Life Insurance Company ("Guarantee"), the two insurance companies that provided her husband's disability insurance policy at different points in time. The district court, finding no material fact in dispute, determined that Unum's policy was not in effect at the time benefits were sought. The court also found that Pursifull's claim against Guarantee for breach of a fiduciary duty — specifically for failing to notify Joseph Pursifull that his disability policy had been terminated — failed because notice would not have afforded Pursifull any remedy. We review the district court's grant of a summary judgment motion *de novo*, construing all of the evidence in the light most favorable to the nonmoving party. *Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005)

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

2

(citation omitted).

The relevant and undisputed facts are as follows. Joseph Pursifull was employed by Cherokee Contracting in March of 1996. Cherokee Contracting obtained group disability coverage for its employees from Guarantee in June of 1996 and was responsible for making the necessary premium payments. Under the terms of the policy, individual employees were barred from converting from the group policy to individual disability coverage, and they were also prohibited from paying the premium individually.

In October of 1996, Joseph Pursifull was diagnosed with cancer and underwent surgery. He subsequently filed a claim for short-term disability benefits which were paid by Guarantee. He returned to work but had to undergo treatment again in March of 1997. Joseph Pursifull filed a second claim for short-term disability benefits in order to undergo additional cancer treatment. This second claim for benefits was also approved, and he again returned to work following his treatment.

Cherokee Contracting was subsequently acquired by Cherokee Wireless in March of 1997, and Joseph Pursifull became an employee of the latter, working in the same capacity as he had with Cherokee Contracting. Cherokee Wireless inherited Guarantee's group disability coverage and the responsibility for paying

3

the premium. However, Cherokee Wireless failed to make the necessary premium payments to Guarantee in both November and December of 1997, and Guarantee terminated the group policy for nonpayment. Following the termination of its policy with Guarantee, Cherokee Wireless obtained a group disability policy through Unum, beginning in January of 1998.

This policy contained two provisions relevant here. First, that Unum would cover pre-existing conditions if "the claimant was in active employment and insured under the Unum policy on its effective date; and the claimant was insured by a prior policy at the time of the change in coverage to the Unum policy." Second, the Unum policy would cover a pre-existing condition if the claimant had

- received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 3 months just prior to your effective date of coverage; and
- the disability begins in the first 12 months after your effective date of coverage.

Despite these provisions, Joseph Pursifull sought and obtained long-term disability benefits from Unum to undergo additional medical treatment in June of 1998, at a rate of 50% of his monthly earnings, minus any offsets for other income including Social Security benefits. Believing he was entitled to 60% of his monthly earnings, Joseph Pursifull contacted both Cherokee Wireless and Unum to request the additional payments. While researching Guarantee's prior policy for

4

clarification, Unum discovered that the Guarantee policy formerly held by Cherokee Wireless had been terminated for nonpayment. Unum was unaware of this fact until this point. Unum then informed Joseph Pursifull in January of 1999 that it would no longer provide him any benefits because his disability was caused by a pre-existing condition that failed under Unum's continuity of coverage provision. Joseph Pursifull was informed that he had sixty days to appeal the decision, a step he did not take.

Sensitive to Joseph Pursifull's condition, and accepting its own error, Cherokee Wireless paid Joseph Pursifull disability benefit payments from January of 1999 through October of 1999, when Cherokee Wireless filed for bankruptcy. Following his death, Joseph Pursifull's widow was substituted as the party plaintiff in her position as the executor of Joseph Pursifull's estate.

We have carefully considered the record and the argument of counsel and find no error. Unum's policy provisions are clear and unambiguous and, pursuant to those provisions, Unum had no responsibility toward Pursifull.[1] We also must reject Pursifull's claim against Guarantee Life. Pursifull alleges that Guarantee improperly neglected to notify him about his employer's failure to make premium payments and thus prevented him from paying the premium personally to avoid a

---

[1] We also reject Pursifull's waiver argument. Even if it were applicable, the record would not support a waiver argument in this instance.

lapse in coverage.  However, as noted by the district court, "any notice to Pursifull would have been futile because he could not have made individual premium payments [pursuant to the terms of the policy] to prevent the Original Policy with Guarantee Life from lapsing."  Finding no error, the decision of the district court is

**AFFIRMED.**